SUMMARY ORDER

Henry Ikezi appeals from his conviction for conspiring to export stolen vehicles in violation of 18 U.S.C. § 371 after a jury trial before Judge Block. We assume the parties’ familiarity with the facts and various proceedings in this court and the district court.
Appellant argues that: (i) the admission of certain videotapes into evidence was error; (ii) there was insufficient evidence that he was a member of a conspiracy to export stolen cars; and (iii) the government violated his due process rights by turning over relevant material at the last moment before trial. We affirm.
Contrary to appellant’s contentions, the district court did not abuse its discretion, see United States v. Szur, 289 F.3d 200, 217 (2d Cir.2002), by admitting the surveillance videotapes of the meetings between appellant and his alleged co-conspirators. We have previously stated that Fed.R.Evid. 901 is satisfied “if sufficient proof has been introduced so that a reasonable juror could find in favor of authenticity or identification.” United States v. Dhinsa, 243 F.3d 635, 658 (2d Cir.2001) (internal quotation marks omitted). Rule 901(b)(9) requires “[ejvidence describing a process or system used to produce a result and showing that the process or system produces an accurate result.” Fed.R.Evid. 901(b)(9). The government produced evidence that agents set up the equipment, tested it and verified the nature of the taped meeting with the informant. This was sufficient.
Appellant argues that there was legally insufficient evidence of any conspiracy or of a conspiracy to export stolen vehicles. Viewing the evidence, including the videotapes, in the light most favorable to the prosecution, a rational trier of fact could have concluded that the existence of a conspiracy was proven beyond a reasonable doubt. See United States v. Jones, 393 F.3d 107, 111 (2d Cir.2004). Indeed, at one videotaped meeting, appellant actively engaged in the meeting by, among other things, viewing the bill of lading and paying the freight shipper. After viewing the videotapes, we also conclude that there was introduced sufficient evidence from which a reasonable jury could conclude that appellant knew that the conspiracy was to export stolen vehicles.
Appellant argues for the first time in his reply brief that he should be acquitted of the conspiracy conviction because he was acquitted on the substantive charge of exporting stolen vehicles. Because this argument was not raised in appellant’s opening brief, it has been waived. See Cantor Fitzgerald, Inc. v. Lutnick, 313 F.3d 704, 711 n. 3 (2d Cir.2002).
We are also unpersuaded by appellant’s argument that the government violated his rights under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). Appellant has not shown “that there is a reasonable probability that the result of the trial would have been different if the *484 suppressed documents had been disclosed to the defense.” Strickler v. Greene, 527 U.S. 263, 289, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999) (internal quotation marks omitted).
Similarly, we are unpersuaded by appellant’s argument that his rights were violated when the government failed to disclose until just before trial evidence that a government agent had once mistaken appellants’s co-defendant for appellant. Appellant has again failed to demonstrate the necessary prejudice.
For the foregoing reasons, the order of the District Court is hereby AFFIRMED.